UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID M. FASANO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 13-cv-13124-IT |
| v. | * | |
| | * | |
| VANTAGE POINT BANK et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

January 25, 2016

TALWANI, D.J.

I.   Introduction

    David Fasano brings this case against his former employer, Vantage Point Bank

("Vantage"); Vantage's officers; Matthew D. Hickey, Fasano's former manager at Vantage; and

settlement agent People's Title Choice & Settlement, LLC ("PTCS").  Presently before the court

is Defendant Matthew D. Hickey's Motion to Dismiss [#50].  For the reasons stated below, the

motion is ALLOWED.

II.   The Complaint's Factual Allegations, the Procedural History, and Fasano's Bankruptcy

    Fasano commenced the instant action on December 10, 2013.  See Compl. [#1].  In the

complaint, he alleges that he began working for Vantage in March 2012.  Id. ¶ 17.  Hickey was

the Branch Developer/Opener for Vantage.  Id. ¶ 18.  Hickey and Fasano worked together on a

plan to open a Vantage branch in Massachusetts.  Id. ¶ 20.  At Hickey's direction, Fasano

secured an office in Massachusetts.  Id. ¶ 27.  Fasano paid for expenses such as rent, office

supplies, leads, and utilities, which Hickey allegedly promised that Vantage would reimburse.

Id. ¶ 28.  While Fasano was running the Massachusetts office, Hickey allegedly engaged in self-

dealing, forcing Fasano to utilize businesses in which Hickey had beneficial interests, including PTCS.  Id. ¶¶ 42-46, 50, 58.  Hickey also allegedly charged the cost of some of these services as expenses to Fasano's branch, which affected the branch's profitability.  Id. ¶¶ 52, 57.  This, in turn, reduced Fasano's compensation because his compensation was tied to the profitability of the branch.  Id. ¶¶ 51, 52.  Fasano resigned from Vantage in January 2013.  Id. ¶ 53.  Fasano alleges that he has not received payments due for expense reimbursements, commissions, and shares of profit.  Id.  ¶¶ 56, 60.  He also alleges that Hickey's self-dealing affected the profitability of Fasano's Vantage branch, which in turn reduced Fasano's compensation.  Id. ¶¶ 50-52.  Fasano alleges that he is owed a total of about $205,000 in compensation and reimbursements for expenses.  Id. ¶ 60.  He brings causes of action against Hickey (and others) under the Fair Labor Standards Act and Massachusetts wage laws and for common law fraud and negligent misrepresentation, and against Hickey alone for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*

On February 28, 2014, Vantage was closed by the Pennsylvania Department of Banking and Securities and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of the Bank.   Decl. Lewis Nelson [#17] ¶ 3.  On March 4, 2014, the FDIC mailed a "Notice to Creditor to Present Proof of Claim" to Fasano which explained that Vantage had been closed and the FDIC was appointed as Receiver.  Id. ¶ 7.

On March 12, 2014, Fasano filed a Chapter 7 Voluntary Petition for bankruptcy.  Docket Report, In re David M. Fasano, No. 14-10991 (Bankr. D. Mass. 2014).

On April 18, 2014, this court granted the FDIC's motion to substitute for Vantage in this action and "for a stay of all judicial proceedings as to all parties . . . ."  Electronic Order [#20]; Mot. Stay [#15].

Hickey answered the Complaint on April 24, 2014.  Answer [#22].

On May 8, 2014, in the Chapter 7 bankruptcy proceedings, Fasano filed his Statement of Financial Affairs.  Statement of Financial Affairs [#26], In re David M. Fasano, No. 14-10991 (Bankr. D. Mass. 2014).  Under the section "Suits and administrative proceedings, executions, garnishments, and attachments," Fasano listed two cases, but not the instant action.  Id.  On his Schedule B – Personal Property form, he listed under "Accounts Receivable": "Vantage Point Bank possible receivable" of $12,000.  Schedule B [#26], In re David M. Fasano, No. 14-10991 (Bankr. D. Mass. 2014).

On May 13, 2014, the bankruptcy trustee filed a Chapter 7 Trustee's Report of No Distribution, and on July 11, 2014, the Bankruptcy Court discharged Fasano (a "no-asset discharge").  Docket Report, In re David M. Fasano, No. 14-10991 (Bankr. D. Mass. 2014).

On January 8, 2015, the court lifted the stay in this action.  Electronic Order [#31]. Hickey moved to amend his answer, which the court allowed, and moved to dismiss based on the affirmative defense of judicial estoppel.

III. Discussion

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after filing an answer, so long as the motion does not delay trial.  Fed. R. Civ. P. 12(c). "In the archetypical case, the fate of such a motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts."  Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004).  For dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be definitively ascertainable from the complaint and other allowable sources of information and must suffice to establish the defense with certainty.  See Ruiz-Sanchez v. Goodyear Tire & Rubber Co., 717

3

F.3d 249, 252 (1st Cir. 2013).   As with a Rule 12(b)(6) motion, a court is ordinarily limited to considering "only the complaint, documents attached to it, and documents expressly incorporated into it." <u>Foley v. Wells Fargo Bank, N.A.</u>, 772 F.3d 63, 72 (1st Cir. 2014).  The court can consider matters of public record.  <u>Freeman v. Town of Hudson</u>, 714 F.3d 29, 36 (1st Cir. 2013).

Judicial estoppel is an "equitable doctrine invoked by a court at its discretion." <u>New Hampshire v. Maine</u>, 532 U.S. 742, 750 (2001) (citations omitted).  The doctrine is ordinarily applied to prevent "a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." <u>Guay v. Burack</u>, 677 F.3d 10, 16 (1st Cir. 2012) (quoting <u>Alternative Sys. Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 32-33 (1st Cir 2004)).  Its function is to "safeguard the integrity of the courts by preventing parties from improperly manipulating the machinery of the justice system." <u>Id.</u> (quoting <u>Alternative Sys. Concepts</u>, 374 F.3d at 33).  The First Circuit has identified two conditions which must be satisfied before judicial estoppel can be applied.  First, the "estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive." <u>Alternative Sys. Concepts</u>, 374 F.3d at 33; <u>see also</u> <u>Gens v. Resolution Trust Corp.</u>, 112 F.2d 569, 572 (1st Cir. 1997).  Second, the "responsible party must have succeeded in persuading a court to accept its prior position." <u>Alternative Sys. Concepts</u>, 374 F.3d at 33. "[H]arm to an opponent is not an invariable prerequisite to judicial estoppel," <u>Patriot Cinemas Inc. v. Gen. Cinema Corp.</u>, 834 F.2d 208, 214 (1st Cir. 1987), and judicial estoppel can apply even if it results in a "windfall" for defendants.  <u>Payless Whole Sale Distribs., Inc. v. Alberto Culver (P.R.) Inc.</u>, 989 F.2d 570, 571 (1st Cir. 1993), <u>cert. denied</u>, 510 U.S. 931 (1993).

A "failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the

debtor from pursuing the claim in a later proceeding." <u>Guay</u>, 677 F.3d at 17-18 (applying

judicial estoppel where plaintiffs failed to list claim on their bankruptcy schedules and did not

amend them when given the opportunity); <u>see also</u> <u>Howell v. Town of Leyden</u>, 335 F. Supp. 2d

248, 251 (D. Mass. 2004) (applying judicial estoppel where plaintiffs "represented to the . . .

bankruptcy court that they had *no* claims among their assets—a position contrary to their

assertion before this court that they have multiple claims against the defendants . . . ." (emphasis

in the original)).

It is proper for the court to apply judicial estoppel here to bar a claim directly against

Hickey.  Fasano did not disclose the instant suit in his Statement of Financial Affairs under the

section "Suits and administrative proceedings, executions, garnishments, and attachments."

Statement of Financial Affairs [#26], <u>In re David M. Fasano</u>, No. 14-10991 (Bankr. D. Mass.

2014).  He therefore took a position "directly inconsistent" with the position he took in front of

the bankruptcy court, asserting here that he has a claim against Hickey while representing to the

bankruptcy court that he did not.  <u>Alternative Sys. Concepts</u>, 374 F.3d at 33; <u>see Guay</u>, 677 F.3d

at 18 (the failure to list claims in bankruptcy schedules is "plainly inconsistent with [plaintiffs']

conduct in bringing their claims now.").

When the bankruptcy court granted to Fasano a no-asset discharge, it accepted Fasano's

representation that he did not have a claim against Hickey.  <u>See Guay</u>, 677 F.3d at 18 ("A

bankruptcy court 'accepts' a position taken in the form of omissions from bankruptcy schedules

when it grants the debtor relief, such as discharge, on the basis of those filings."); <u>Payless</u>

<u>Wholesale Distribs.</u>, 989 F.2d at 571 ("[Debtor] having obtained judicial relief on the

representation that no claims existed, can not now resurrect them and obtain relief on the

opposite basis.").[1]

Fasano's disclosure of a "Vantage Point Bank possible receivable" of $12,000 in his Schedule B form does not save him from the application of judicial estoppel as to Hickey.[2] Fasano's listing as a receivable, rather than as a suit, might be explained by the fact that the litigation here had been stayed at the time Fasano filed the schedule B form. But Fasano did not characterize the "receivable" as an amount due from Hickey. A claim against Hickey personally appeared nowhere in the disclosures.

Fasano also argues that he disclosed his claims orally to the bankruptcy trustee on multiple occasions. If the affidavits he proffered had indeed shown that Fasano had disclosed the claims against Hickey orally to the bankruptcy trustee, the court might have been faced with the question of whether Hickey has established his affirmative defense "with certainty." The affidavits only describe a claim against Vantage, however, and make no specific mention of any claim against Hickey individually. See Aff. David M. Fasano ¶¶ 9, 12-14; Lassman Aff. ¶ 5; see also Oatway Aff., ¶¶ 16-18 (stating that counsel "explained the nature of the instant litigation," and the FDIC receivership and the stay, but making no specific mention in the affidavit of any claim against Hickey individually).

---

[1] Some courts have found a good faith exception to judicial estoppel when a party fails to identify legal claims in bankruptcy filings if the party can show that he "either lack[ed] knowledge of the undisclosed claims or ha[d] no motive for their concealment." Guay, 677 F.3d at 20 (alterations in the original) (quoting and citing authority from the Tenth, Eleventh, Sixth, and Fifth Circuits). The First Circuit has not yet recognized the good faith exception and has instead left the question open. Id. To the extent that the First Circuit would recognize a good faith exception to judicial estoppel, it would not apply here. Fasano knew about the instant lawsuit at the time of his bankruptcy disclosures because he commenced the lawsuit prior to filing for bankruptcy. Cf. GE HFS Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 520 F. Supp. 2d 213, 224-25 (D. Mass. 2007) (judicial estoppel not applied in part because claim was uncertain and had not yet been filed).

[2] In an affidavit attached to his opposition, Fasano explains that the amount listed was based on his calculation of the net value after paying attorneys' fees on a settlement offer he had received from an attorney for Vantage and its officers (not including Hickey).

IV. <u>Conclusion</u>

For the foregoing reasons, <u>Defendant Matthew D. Hickey's Motion to Dismiss</u> [#50] is

ALLOWED.

IT IS SO ORDERED.

January 25, 2016                                                    /s/ Indira Talwani
                                                                    United States District Judge